UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT DINICOLA,    CASE NO.:

    Plaintiff,

v.

CHARTER COMMUNICATIONS INC,
A Foreign Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, ROBERT DINICOLA ("Mr. Dinicola" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), to recover from Defendant, CHARTER COMMUNICATIONS INC., ("CC" or "Defendant") back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**JURISDICTION AND PARTIES**

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, et seq.

2. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Lake County, Florida.

3. Defendant is a foreign profit corporation that provides communication and entertainment products in, among others, Lake County, Florida.

4. At all times relevant hereto, Defendant was an employer as defined by the FCRA, as it employed in excess of fifteen (15) or more employees.

5. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA because:

(a) Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

(b) Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

6. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

7. At all times relevant hereto, Plaintiff worked at a location where the Defendant employed 50 or more employees within 75 miles.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## CONDITIONS PRECEDENT

9. On or around May 22, 2020, Plaintiff dual filed a Charge of Discrimination with the EEOC and FCHR alleging disability discrimination and retaliation against Defendant.

10. More than 180 days have passed since Plaintiff dual filed his Charge of Discrimination, and his FCRA claims are now ripe to be filed with this Court.

11. Plaintiff timely files this action.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for the Defendant from August of 2013 until March 11, 2020.

13. At the time of his termination, Plaintiff was employed as Technical Quality Assurance.

14. Plaintiff has suffered for a few years with a disabling serious health condition, specifically acute neck pain, immobility, stiffness, and bilateral radiculopathy, associated with spinal stenosis, cervical spondylosis, and neural foraminal narrowing.

15. In the summer of 2019, his pain, stiffness, and immobility due to his disabling serious health condition became very severe.

16. Mr. Dinicola mentioned it to his supervisors at CC and attempted to engage them in a conversation about potential reasonable accommodation for his disability, but CC did not wish to discuss that matter with him.

17. In doing so, CC failed to engage Mr. Dinicola in the interactive process to determine whether there were reasonable, unburdensome accommodations available.

18. Mr. Dinicola's disclosure of his serious health condition should have prompted CC to offer Mr. Dinicola FMLA forms and advise him of his rights and obligations under the FMLA.

19. CC's failure to do so constitutes unlawful FMLA interference.

20. In retaliation, CC wrote Mr. Dinicola up in October of 2019 when he had to miss work and/or leave work early on a couple of occasions due to his disabling serious health condition.

21. Despite CC's interference, Mr. Dinicola tracked down FMLA forms himself and applied for intermittent unpaid leave pursuant to the FMLA in order to treat and address his serious health condition.

22. On December 4, 2019, Mr. Dinicola was approved for intermittent FMLA leave through May 20, 2020.

23. CC's managers and supervisors questioned and harassed Mr. Dinicola, any time that he availed himself, or attempted to avail himself, on intermittent FMLA leave.

24. This, too, constituted unlawful FMLA interference.

25. A couple of months after that, because Mr. Dinicola required more frequent leave than he had originally anticipated, he called CC's FMLA coordinator, Sedgwick Claims Management Services, Inc. ("Sedgwick"), and was assured by Sedgwick that he merely needed to provide updated medical certification in order for the excess unpaid leave dates to be approved.

26. Before this process could be completed, however, CC informed Mr. Dinicola on March 11, 2020, that CC had taken the decision to terminate his employment, effective immediately, citing absences from work in support of CC's extreme adverse employment action.

27. The absences cited by CC in support of its termination of Mr. Dinicola's employment were the ones that Mr. Dinicola had been assured would be approved, if he had been given sufficient opportunity to do so.

28. He was not given sufficient opportunity to provide renewed certification forms.

29. CC very obviously terminated Mr. Dinicola's employment in retaliation for him suffering a disability, for requesting reasonable accommodation

for same, for suffering a serious health condition, and for requiring intermittent unpaid leave pursuant to the FMLA in order to treat and address the condition.

30. Any other "reason" theorized by CC for its termination of Mr. Dinicola's employment is pure pretext.

31. The timing of Plaintiff's termination makes the causal connection between his use of FMLA leave, his request for reasonable accommodation under the FCRA, and his termination sufficiently clear.

32. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

33. Mr. Dinicola is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as Technical Quality Assurance.

34. Allowing Mr. Dinicola to utilize a period of unpaid leave without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

35. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

36. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the FCRA.

37. Defendant was aware of Plaintiff's FCRA-protected disability and need for accommodation.

38. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

39. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

40. In short, despite the availability of reasonable accommodation under the FCRA, Defendant discriminated against Mr. Dinicola based solely upon his disability.

41. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

42. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

43. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

44. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

45. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the FCRA.

46. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is protected class member as envisioned by the FCRA.

47. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

48. Defendant interfered with Plaintiff's FMLA rights by causing him to not avail himself to benefits he needed to use and was otherwise entitled to.

49. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

50. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

51. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Dinicola notifying CC of his serious health condition, and in retaliation for Mr. Dinicola utilizing unpaid leave pursuant to the FMLA in order to treat and address same.

52. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use and/or attempted utilization of what should have been protected FMLA leave.

53. Defendant's actions are the exact type of unfair and retaliatory employment practices the FCRA and FMLA were intended to prevent.

54. Defendant did not have a good faith basis for its actions, and Plaintiff, is therefore entitled to liquidated damages.

55. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

56. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

57. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 6 through 8, 12 through 16, 18 through 31, and 48 through 57, above.

59. At all times relevant hereto, Plaintiff was protected by the FMLA.

60. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

61. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA rights by failing to restore him to the same or an equivalent position upon his return from FMLA leave.

62. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

63. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages,

equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

64. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 6 through 8, 12 through 16, 18 through 31, and 48 through 57, above.

65. At all times relevant hereto, Plaintiff was protected by the FMLA.

66. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

67. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for utilizing what should have been FMLA-protected leave.

68. Defendant acted with the intent to retaliate against Plaintiff, due to the extremely close proximity between Plaintiff's use of FMLA leave and his termination.

69. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

70. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

## COUNT III
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

71. Plaintiff reincorporates and readopts all allegations contained within 1 through 5, 9 through 17, 20 through 47, and 53 through 57, Paragraphs above.

72. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

73. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

76. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

77. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

78. Plaintiff reincorporates and readopts all allegations contained within 1 through 5, 9 through 17, 20 through 47, and 53 through 57, Paragraphs above.

79. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

80. Plaintiff's objection constituted protected activity under the FCRA.

81. Plaintiff was terminated as a direct result of his objection to what he reasonably believed to be disability discrimination.

82. Plaintiff's objection to Defendant's illegal conduct, and his termination, are causally related.

83. Defendant's stated reasons for Plaintiff's termination are a pretext.

84. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

86. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

87. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

DATED this 9th day of March 2022.

Respectfully Submitted,

**/s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
**noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*