UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ROBERT DINICOLA,**

    **Plaintiff,**

v.                                                          Case No: 5:22-cv-130-JA-PRL

**CHARTER COMMUNICATIONS INC.,**

    **Defendant.**

_____

## ORDER

Upon referral, this case, brought under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* and Chapter 760 of the Florida Civil Rights Act, is before the Court for consideration of Defendant's unopposed motion to compel arbitration and to stay proceedings pending arbitration (Doc. 12).

Defendant's motion recites that, under the relevant terms of Plaintiff's employment, Plaintiff's claims are subject to an employment-based legal dispute resolution program, ("the Program"). Defendant asserts that the Program requires arbitration of "[a]ll disputes, claims, and controversies that could be asserted in court or before an administrative agency or for which you or Charter have an alleged cause of action related to pre-employment, employment, employment termination or post-employment-related claims, whether the claims are denominated as tort, contract, common law, or statutory claims (whether under local, state of federal law)[.]" (Doc. 12 at 23). The Program explicitly applies to claims for "unlawful discrimination or harassment (including such claims based upon race, color, national origin, sex, pregnancy, age, religion, sexual orientation, disability, and any other

- 2 -

prohibited grounds)," as well as "claims for unlawful retaliation" and "claims arising under the Family Medical Leave Act[.]" (Doc. 12 at 23). Defendant's motion is supported by the affidavit of John Fries, Vice President, HR Technology, for Charter Communications, LLC. (Doc. 12 at 12-15). Defendant has also attached a copy of the relevant documents, including the Mutual Arbitration Agreement. (Doc. 12 at 23-51).

Accordingly, Defendant's unopposed motion to compel arbitration and to stay proceedings pending arbitration (Doc. 12) is **GRANTED.** This case is hereby referred to arbitration pursuant to the agreement of the parties and the terms of the Mutual Arbitration Agreement. The Clerk is directed to administratively close the file with the right of either party to move (by filing a motion) to reopen the file after arbitration or for other good cause shown.

**DONE** and **ORDERED** in Ocala, Florida on May 26, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties